# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FELICIA HOLMES,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-10-1609 |
| **REPUBLIC NAT'L DISTR. CO., LLC,** | * | |
| Defendant | * | |

## MEMORANDUM AND ORDER

Pending before the Court are two discovery motions by Plaintiff and one discovery motion by Defendant. Plaintiff Felicia Holmes *pro se* has filed a "Motion for Reconsideration of Motion to Compel Production of Documents" (ECF No. 33) and an amended version thereof (ECF No. 35), which the Court interprets as a motion for reconsideration of the Court's Order of September 13, 2011 (ECF No. 32), in which the Court granted in part and denied in part an earlier motion to compel (ECF No. 30). Because Holmes has not shown, or even argued, that the earlier order was in error, her motion and amended motion are DENIED.

Holmes has also filed a "Motion to Subpoena Official Documents" (ECF No. 38) and an amended version thereof (ECF No. 45). These motions are also DENIED. Finally, Defendant Republic National Distributing Company ("RNDC") has filed a "Motion to Compel Responses to Deposition Questions, or Alternatively to Dismiss with Prejudice and/or Application of Adverse Inferences and Other Relief." (ECF No. 48.) This motion is GRANTED IN PART AND DENIED IN PART.

Plaintiff's Motion for Reconsideration

Holmes's request number one for production of documents was originally denied because it had no relation to the claims advanced in her complaint and because it was overbroad. Her "adjusted" request only narrows the scope in time; it fails to overcome the fundamental deficiency of irrelevance. Holmes's request number four was initially denied because it was overbroad. Her "adjusted" request is still overbroad because it is not directed at alleged incidents of unlawful conduct by the Defendant. Holmes's request number five was rejected by the Court as irrelevant and overbroad. Her "adjusted" request, although narrowed in time scope, is still irrelevant to her causes of action. Holmes's request number six was also rejected as irrelevant and overbroad. Her "adjusted" request again narrows the time scope but remains irrelevant to this case. The Court did not err in its earlier order, and Holmes's motion is denied.

Plaintiff's Motion to Subpoena Official Documents

Holmes seeks in this motion to obtain "the official Client Request form for Drug Screen and copy of official RNDC computerized report from the (IT) Information Technology firm that host [sic] the Company's on line job application data program – for employee Colleen Dorsey." (Am. Mot. Subpoena 1, ECF No. 45.) It should be noted that the deadline in this case for completion of all discovery was September 30, 2011. (*See* Sched. Ord. Jun. 1, 2011, ECF No. 26.) Holmes's original motion, filed on September 30, 2011, did not seek documents from a third party; documents were sought, apparently, only from RNDC. It was not until October 7, 2011, that Holmes filed her amended motion asking to subpoena documents from an unnamed information technology company. Holmes's request is untimely. Furthermore, she fails to explain how such information would help her prove that she was subjected to a hostile work environment or to retaliation for protected activity or to gender discrimination in her termination. Holmes fails to demonstrate a proper basis for issuance of a subpoena, and her motion is denied.

Defendant's Motion to Compel

In Defendant's deposition of Holmes, Defendant posed a number of questions as to how Holmes came to be in possession of many documents that Defendant regarded as confidential and proprietary. Holmes consistently took the Fifth Amendment in response to these questions. (*See* Def.'s Mot. Compel, Ex. A, Holmes Dep. 11:14—12:23; 13:4—14:25; 32:6-9; 183:10—184:22; 188:18—189:25, Sept. 27, 2011.) Defendant has asserted that Holmes's claim of Fifth Amendment privilege is contrary to her complaint that she was wrongfully terminated; Defendant states it is unable to present properly its defense that its termination of Holmes was justifiable given her breach of confidentiality and apparent unauthorized taking of documents while she was an employee.

A plaintiff cannot thwart an opposing party's defense of its case by claiming the Fifth Amendment privilege against self-incrimination in order to keep discoverable evidence out of the opponent's hands. *See Independent Productions Corp. v. Loew's, Inc.*, 22 F.R.D. 266, 277 (S.D.N.Y. 1958) (plaintiff cannot use privilege as both sword and shield). *See also Mt. Vernon Sav. and Loan Ass'n v. Partridge Assocs.*, 679 F. Supp. 522, 529 (D. Md. 1987) (noting inconsistency of plaintiff's claim of privilege against self-incrimination with requirement of answering questions related to issues in litigation). *Accord, Lyons v. Johnson*, 415 F.2d 540, 542 (9th Cir. 1969); *Kisting v. Westchester Fire Ins. Co.*, 290 F. Supp. 141, 149 (W.D. Wis. 1968), *aff'd*, 416 F.2d 967 (7th Cir. 1969).

Thus, it is improper for Holmes to refuse to answer questions about circumstances that may well justify her termination while also pressing ahead with her suit claiming, in part, unlawful termination. Further, and fully consistent with the cited case law, dismissal of her count for unlawful termination is an appropriate remedy. However, dismissal of her entire case is not warranted because it also involves causes of action that do not relate to her termination,

i.e., hostile work environment and retaliation for engaging in protected activity. Consequently, Defendant's motion is granted to the extent it seeks dismissal of Count IV and denied in all other respects.

Conclusion

Plaintiff's motions (ECF Nos. 33, 35, 38, and 45) are DENIED. Defendant's motion (ECF No. 48) is GRANTED IN PART AND DENIED IN PART.

DATED this 1st day of December, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge